# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAI KIM THAI,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN OF THE CORE CIVIC OTAY MESA DETENTION FACILITY, et al.,<br><br>  Respondents. | Case No. 1:25-cv-01178-SAB-HC<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024).

Here, Petitioner challenges his present physical custody at the Otay Mesa Detention Center in San Diego, California. (ECF No. 1 at 2.) Therefore, venue is proper in the district of confinement, which is the Southern District of California. "Whenever a civil action is filed in a

1

court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. Accordingly, rather than dismissal, the Court finds that transfer of the petition to the United States District Court of the Southern District of California is appropriate in the interest of justice.

Accordingly, IT IS HEREBY ORDERED that this action is TRANSFERRED to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:   **September 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2